UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Dori Leigh Sheehan

    v.                                  Case No. 18-cv-586-SM

Nancy A. Berryhill,
Acting Commissioner,
Social Security Administration

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), Dori Leigh Sheehan moves to reverse the Acting Commissioner's decision to deny her application for Social Security disability insurance benefits, under Title II of the Social Security Act, 42 U.S.C. § 423. (Doc. No. 10). The Acting Commissioner, in turn, moves for an order affirming her decision. (Doc. No. 12). Those motions are before this magistrate judge for a report and recommendation. For the reasons that follow, the decision of the Acting Commissioner, as announced by the Administrative Law Judge ("ALJ"), should be affirmed.

**I. Applicable legal standard**

The court limits its review of a final decision of the Social Security Administration "to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d

652, 655 (1st Cir. 2000). It "review[s] questions of law de novo, but defer[s] to the Commissioner's findings of fact, so long as they are supported by substantial evidence," id., that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). "Substantial-evidence review is more deferential than it might sound to the lay ear: though certainly 'more than a scintilla' of evidence is required to meet the benchmark, a preponderance of evidence is not." Purdy v. Berryhill, 887 F.3d 7, 13 (1st Cir. 2018) (quoting Bath Iron Works Corp. v. U.S. Dep't of Labor, 336 F.3d 51, 56 (1st Cir. 2003)).

Thus, though the evidence in the record may support multiple conclusions, the court will still uphold the ALJ's findings "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991). Ultimately, the court "must uphold a denial of social security . . . benefits unless 'the [Acting Commissioner] has committed a legal or factual error in evaluating a particular claim.'" Manso-Pizarro v. Sec'y of Health and Human Servs., 76 F.3d 15, 16 (1st Cir. 1996) (per curiam) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

## II. Background[1]

The ALJ invoked the requisite five-step sequential evaluation process in assessing Sheehan's request for benefits. See 20 C.F.R. §§ 404.1520.  After determining that she met the Social Security Act's insured status requirements and had not engaged substantial gainful activity after the alleged onset of his disability on April 5, 2012, see 20 C.F.R. §§ 404.1571 et seq., 416.971 et seq., the ALJ analyzed the severity of Sheehan's impairments.  At this second step, the ALJ concluded that Sheehan had the following severe impairments: substance abuse disorder, anxiety disorder and depressive disorder. Admin. R. at 22; 20 C.F.R. §§ 404.1520(c), 416.920(c).  At the third step, the ALJ found that Sheehan's severe impairments did not meet or "medically equal" the severity of one of the impairments listed in the Social Security regulations.  Id. at 23; see 20 C.F.R. §§ 404.1520(d), 404.1525-26, 416.920(d), 416.925-26.

After reviewing the medical evidence of record, medical opinions, and Sheehan's statements and hearing testimony, the ALJ concluded that Sheehan retained the residual functional

---

[1] The court recounts here only those facts relevant to the instant appeal.  The court incorporates by reference the parties' respective Statement of Material Facts (Doc. Nos. 10-2 and 11).  See LR 9.1(b), (c).

capacity (RFC) to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> She is limited to routine work day to day that is not fast-paced, defined as assembly lines, timed work, or work with strict quotas. She is capable of work that includes no more than occasional interaction with the general public and no tandem tasks, meaning there would be no situation that would result in another employee waiting for the claimant to finish her task. The job should be located in the same work location with few, if any, changes day to day.

Id. at 15.

The ALJ found that, limited in this manner, Sheehan would not be able to perform her past relevant work. Id. at 34. Based on testimony from a vocational expert, the ALJ also found that Sheehan could perform other jobs that exist in the national economy, such as housekeeper, merchandise marker, and office helper. Id. at 34-35. The ALJ accordingly concluded that Sheehan was not disabled within the meaning of the Social Security Act during the relevant time period. Id. at 35; 20 C.F.R. §§ 404.1520(g).

**III. Analysis**

Sheehan challenges the ALJ's decision on two grounds. First, she asserts that the ALJ erroneously evaluated opinion evidence in formulating her RFC. Next, she argues that the ALJ erroneously evaluated Sheehan's testimony regarding her symptoms

4

and limitations in forming his RFC.  As explained below, the court finds no error.

### A. Opinion Evidence

#### 1. Dr. Bolter

Sheehan first claims that the ALJ improperly accounted for reviewing psychiatrist Delano Bolter's opinions.  The ALJ gave "great weight" to Dr. Bolter's testimony that Sheehan had no more than moderate limitation in her abilities to understand, remember and apply information, interact with others, and adapt or manage herself, and a marked limitation in her ability to sustain concentration, persistence, and pace.  Admin. R. at 93-94.  Dr. Bolter also testified that Sheehan's marked limitation in concentrating, persisting, or maintaining pace seriously interfered with her abilities in that area, but he did not agree that it left her with "no useful ability to function" in that area.  Id. at 98-107.

Sheehan claims that the ALJ erred because, despite the weight given to Dr. Bolter's findings, she concluded that Sheehan had "mild limitation" in understanding, remembering, or applying information, "moderate limitation" in interacting with others, "moderate limitation" in concentrating, persisting, or maintaining pace, and "moderate limitation" in adapting or managing

5

herself, without discussing the discrepancy between her finding of "moderate limitation" in concentrating, persisting, or maintaining pace and Dr. Bolter's opinion testimony that Ms. Sheehan had a "marked limitation" in that area. Admin. R. at 23-24, 30.

It is true, as Sheehan argues, that the ALJ did not explicitly reject Dr. Bolter's opinion that Plaintiff had "marked" deficits in concentration, persistence, or pace, but that omission does not warrant remand here. As a threshold matter, the ALJ was not required to adopt all of Dr. Bolter's findings merely because she gave his opinion "great weight." See Reeves v. Comm'r, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."); see also Dorow v. Berryhill, 303 F. Supp. 3d 167, 169 (D. Mass. 2018) (ALJs are not required to adopt the entire report of a single provider, but rather may piece together the relevant medical facts from the opinions of multiple providers) (citing Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 144 (1st Cir. 1987)).

Although not fatal to the ALJ's conclusion, it might have been preferable for the ALJ to explain why she did not accept Dr. Bolter's characterization that Plaintiff had a "marked" limitation in concentration, persistence, or pace. Nevertheless, it is clear from the ALJ's decision that she rejected that label because

6

Sheehan's "treatment notes do not reflect more than moderate deficits." Admin. R. at 24.  The ALJ supported this conclusion with citations to objective examination findings that Sheehan had intact and coherent thought process and content, was described as "not grossly inattentive," and was able to correctly repeat seven digits in a row.  Id. (citing Admin. R. at 710, 836, 879-81).  The ALJ reasonably inferred from those normal findings that Sheehan was only moderately limited.  See LaFlamme v. Colvin, No. 1:14-cv-57-DBH, 2015 WL 519422, at *11 (D. Me. Feb. 6, 2015) (finding that ALJ permissibly relied on normal mental status reports in assessing mental RFC).

As a final matter with respect to Dr. Bolter, remand is not warranted because Sheehan has not shown that Dr. Bolter's use of the term "marked" equates to any functional limitation that the ALJ omitted from the RFC assessment.  As previously noted, Dr. Bolter clarified that his assessment of marked limitations did not mean that Plaintiff had "no useful ability to function" in that area, as Plaintiff's treating providers suggested.  Admin R. at 100-02.  Rather, Dr. Bolter defined "marked" the same way as the Social Security Administration, indicating that Plaintiff's functioning was "seriously limited" but not precluded.  Id. at 99; see 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(F)(2)(d).  The ALJ reasonably accounted for  such "serious" limitations in concentration, persistence, or pace by restricting Plaintiff to routine work that is not fast-paced, meaning she could not work on

7

an assembly line, under timed conditions, or with strict quotas. Admin. R. at 24. Nor would she be allowed to work on tandem assignments where another employee would have to wait for her to finish a task. Id.

Sheehan's reliance on Cardone v. Berryhill, 2018 DNH 210, 2018 WL 5624151, at *6 (D.N.H. Oct. 29, 2018), is misplaced. In that case, the ALJ found that the claimant had "marked limitations" in concentration, persistence, or pace, 2018 WL 5624151, at *4-5. The case was remanded because the ALJ failed to consider those "marked limitations" in formulating the RFC. Here, however, the ALJ supportably found only moderate limitations. Admin. R. at 24. Furthermore, the ALJ in Cardone failed to include in claimant's RFC any limitation that specifically addressed "staying on task or working at an appropriate and consistence pace." 2018 WL 5624151 at *5. Here again, by contrast, the ALJ specifically -- and supportably -- accounted for Sheehan's limited ability to stay on task and sustain pace by restricting her to routine work that was "not fast-paced" (e.g., no "timed work" or "strict quotas") and would not put her in situations where co-workers had to wait for her to finish her tasks. Admin R. at 24. See Dimambro v. U.S. Soc. Sec. Admin., Acting Comm'r, No. 16-CV-486-PB, 2018 DNH 004, 2018 WL 301090, at *9 (D.N.H. Jan. 5, 2018) (finding that the RFC assessment "captured the essence" of a non-examining psychologist's moderate persistence limitations by limiting the claimant to "[s]imple one-to-three step tasks for two-hour periods"). The RFC

8

limitations here are more specific and restrictive than the ones the court approved in Dimambro. More importantly, they are consistent with Dr. Bolter's opinion that Plaintiff would have "marked" or "serious" difficulties. Although ALJ described Sheehan's symptoms as "moderate," Admin. R. at 24, the ALJ nevertheless "captured the essence" of Dr. Bolter's opinion.

### B. Dr. Prescott

Sheehan next argues that the ALJ failed to explain an alleged discrepancy between her RFC finding and the opinion of examining physician Robert Prescott, M.D., whose opinion she gave moderate weight. Dr. Prescott opined that Ms. Sheehan "appears able to complete some basic tasks though at an inconsistent or reduced pace given attention deficit issues, mood and anxiety." Admin. R. at 30, 837. The court, however, finds no such discrepancy. The ALJ supportably noted that "the record overall does not show that [Sheehan] cannot adhere to schedules or a pace," Admin. R. at 35, so the ALJ reasonably accounted for Dr. Prescott's opinion by limiting Plaintiff to jobs without strict pace requirements or tandem tasks. Id. at 24.

### C. Claimant's testimony

Sheehan next argues that the ALJ erred by discounting her description of her limitations to the extent they were inconsistent

9

with other record evidence supporting lesser restrictions.  Admin. R. at 25.  Specifically, Sheehan faults the ALJ's consideration of her failure to attend various medical appointments and to comply with medication treatment.  The court finds no error.  The ALJ noted Sheehan's testimony that her difficulties in managing her schedule were related to her mental impairments.  Id.  The ALJ also noted, however, record evidence showing that she missed appointments because she was voluntarily pursuing other activities, including a hair appointment and a camping trip.  Id. at 26-27; 944, 946).  Sheehan also asserts that the ALJ "failed to consider possible reasons why [she] had not complied with medication treatment . . ."  Clmt. Mem., (Doc. No. 10-1) at 12. Sheehan, however, does not cite any specific evidence the ALJ overlooked.  Moreover, the ALJ cited record evidence that Sheehan changed providers for non-therapeutic reasons and that providers became wary of prescribing medications as they feared addiction-related misuse.  Admin. R. at 29.  The ALJ also noted that despite her continued substance abuse, Sheehan's cognitive functioning remained intact across numerous providers, undercutting her claimed inability to work.  Id. at 25-29.

   The ALJ is entitled to weigh a claimant's testimony against other evidence in the record, and properly did so here.  See Social Security Ruling 16-3p, 2017 WL 5180304, at 5 (relevant factors in balancing a claimant's testimony against other

10

evidence include the consistency of the medical complaints with medical record, and the level, effectiveness, and compliance with prescribed treatment); cf. Venus v. Berryhill, No. 17-CV-482-PB, 2019 DNH 005, 2019 WL 157296, at *15 (D.N.H. Jan. 9, 2019) (noting that an "ALJ cannot reject the veracity of the claimant's own statements . . . based solely on the conclusion that they are unsubstantiated by the objective medical evidence[.]") (quoting Tellier v. U.S. Soc. Sec. Admin. Acting Comm'r, No. 17-CV-184-PB, 2018 DNH 143, 2018 WL 3370630, at *6 (D.N.H. July 10, 2018)). The ALJ permissibly weighed Sheehan's testimony. Accordingly, the ALJ supportably concluded that her testimony did not support limitations greater than those the ALJ included in the RFC determination.

## IV. Conclusion

The court finds that the ALJ's findings are supported by "substantial evidence." Ward, 211 F.3d at 655. Because the ALJ has not committed a reversible error in evaluating Sheehan's claim, her motion for an order reversing the Acting Commissioner's decision, (doc. no. 10), should be denied; the Acting Commissioner's motion for an order affirming her decision, (doc. no. 12), should be granted; and the clerk of the

court should be directed to enter judgment in accordance with this order and close the case.

Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The 14-day period may be extended upon motion. Failure to file a specific written objection to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

March 27, 2019

cc: All Counsel of Record